UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :
:
v.  : CRIMINAL NO.: 3:07-CR-257
:
DAVID J. GNALL  :

**INDICTMENT**

THE GRAND JURY CHARGES:

FILED
SCRANTON
JUN 26 2007
PER _____
DEPUTY CLERK

**COUNT I**
**CONSPIRACY**

A. THE CONSPIRACY AND ITS OBJECTS

In or about March 2005 and continuing to July 2005 in the Middle District of

Pennsylvania,

DAVID J. GNALL

willfully and knowingly conspired and agreed together with other(s) whose identity is known to

the Grand Jury to commit wire fraud in violation of Title 18, United States Code, Section 1343.

B. MANNER AND MEANS

To effect the objects of the conspiracy, the conspirators committed the following overt

acts, among others, in the Middle District of Pennsylvania:

1. During the existence of the conspiracy, Gnall referred several individuals known

   to him to have substantial finances to James J. Peperno, Jr., whom Gnall

   introduced as a financial advisor.

2. During the existence of the conspiracy, these individuals, relying on the advice of

   Gnall, remitted substantial finances to Peperno to be invested on their behalf.

   Peperno converted the finances to his own use and benefit as well as that of Gnall.

3. During the existence of the conspiracy, Peperno, at Gnall's request, instructed PNC Bank by wire communication (by telephone and e-mail) to prepare a cashier's check drawn on Peperno's money market account in the amount of $275,000.00, made payable to David Gnall.

4. During the existence of the conspiracy, Gnall obtained the check from PNC Bank and used it to close on a property located at 1120 S. Washington Avenue, Scranton, Pennsylvania.

In violation of Title 18, United States Code, Section 371.

THE GRAND JURY ALSO CHARGES:

## COUNT 2
## WIRE FRAUD

A. INTRODUCTION

At all time material to this Indictment

1. David J. Gnall was an attorney licensed by the Commonwealth of Pennsylvania.

2. James J. Peperno, Jr. was the president and owner of JJP Consulting Ltd., Main Street, Old Forge, Pennsylvania, a financial and political consulting business.

3. Frank Peperno was a registered representative with Linsco/Private Ledger Financial Services (LPL). Innovex, a mortgage lender, is a subsidiary of LPL Financial. Frank Peperno was authorized to represent clients in mortgage applications to Innovex.

B. PURPOSE OF THE SCHEME AND ARTIFICE TO DEFRAUD

4. From March 2005 through July 2005, in the Middle District of Pennsylvania,

DAVID J. GNALL

willfully and knowingly devised and intended to devise a scheme and artifice to defraud and to

obtain money from individuals who believed themselves to be investing in legitimate enterprise by means of false and fraudulent pretenses, representations and promises.

5. In 2004, Gnall moved his law practice into a building located at 1120 South Washington Avenue, Scranton, Pennsylvania. On January 7, 2005, Gnall entered a lease purchase agreement to buy that property for $275,000.00 and close no later than May 31, 2005. The closing date was extended by written agreement to no later than July 8, 2005.

6. Denied conventional financing due to his poor credit rating, Gnall referred individuals with substantial finances to James J. Peperno, Jr., who placed some of the money for investment with LPL and converted the remainder to his own use and the use of Gnall.

   a. On March 15, 2005, Gnall caused Robert Kafchinski to invest $260,000.00 through James J. Peperno, Jr. with LPL. In fact, only $150,000.00 was invested with LPL and $105,000.00 was converted by James J. Peperno, Jr. after he collected $5,000.00 in fees.

   b. On May 16, 2005, Gnall caused Brenda Buntz to invest $567,831.10 in stocks and money markets with James J. Peperno, Jr. Unknown to Buntz, Peperno made unauthorized investments totaling $300,000.00 with LPL. Peperno converted the remaining $267,831.10 to his own use, which included his fee of $20,000.00.

   c. On June 7, 2005, Gnall caused Reese Thomas to invest $863,600.00 with James J. Peperno, Jr. Unknown to him, Peperno made unauthorized investments totaling $400,000.00 with LPL. Peperno converted the remaining $463,600.00 to his own use which included his fee of $2,000.00.

C. SCHEME AND ARTIFICE TO DEFRAUD

7. On July 7, 2005, Gnall needed money to close. Attempts to obtain a mortgage from

LPL (through Innovex) and other lenders failed. Gnall's title company, Reliable Abstract, advised him that they had not received any wire from LPL and he advised that he would close with cash. After a series of telephone calls, Gnall called Peperno, who was in Canada, to telephone PNC Bank, instructing them to prepare a cashier's check in the amount of $275,000.00 from his money market account to be made payable to Gnall.

8. After PNC Bank had Peperno confirm his instructions to them by e-mail, they issued a cashier's check payable to Gnall in the amount of $275,000.00.

D. THE WIRE TRANSMISSIONS

On July 7, 2005, in the Middle District of Pennsylvania,

DAVID J. GNALL

for the purpose of executing and attempting to execute a scheme and artifice to defraud, did knowingly cause to be transmitted by means of wire communication from Canada to the United States, a telephone conversation and an electronic mail transmission, directing PNC Bank to issue a cashier check in the amount of $275,000.00 from Peperno's PNC Bank money market account payable to David Gnall.

In violation of Title 18, United States Code, Section 1343 and 2.

THE GRAND JURY ALSO CHARGES:

## COUNT 3
## FALSE STATEMENTS

On or about April 6, 2006, in the Middle District of Pennsylvania,

**DAVID J. GNALL**

during an investigation by the United States Secret Service, a matter within the executive branch

4

of the Government of the United States, willfully and knowingly made a materially false statement as to how he obtained the $275,000.00 check from PNC Bank for use in closing on a property located at 1120 South Washington Avenue, Scranton, Pennsylvania. Gnall advised investigators that the $275,000.00 check was transmitted directly to the escrow agent and he never saw the check. In fact, Gnall personally obtained the check, remitted by JJP Consulting and debited to Peperno's PNC money market account.

In violation of Title 18, United States Code, Section 1001.

THE GRAND JURY ALSO CHARGES:

## COUNT 4
## CRIMINAL FORFEITURE

As a result of committing the violations alleged in Counts 1 and 2 of this Indictment, David J. Gnall shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all rights, title and interest in the property located at 1120 South Washington Avenue, Scranton, Pennsylvania, which was acquired with funds obtained during the commission of the offenses alleged in those Counts of this Indictment.

In violation of Title 18, United States Code, Section 982.

A TRUE BILL

*Thomas A. Marino* /s/
THOMAS A. MARINO
United States Attorney

Date: 6/26/07